**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
KENNETH CARNESI,

                Petitioner,                **ORDER**
                                                                            11-CV-1044(ADS)

        -against-

UNITED STATES OF AMERICA,

                Respondent.
---------------------------------------------------------X
**APPEARANCES:**

**KENNETH CARNESI**
Pro se Petitioner
12 Hamilton Place, Apt. C4
Garden City, NY 11530

**LORETTA E. LYNCH**
**UNITED STATES ATTORNEY**
**EASTERN DISTRICT OF NEW YORK**
Attorneys for the Respondent
610 Federal Plaza
Central Islip, N.Y. 11722
      By: Burton T. Ryan, Jr., Assistant United States Attorney

**SPATT, District Judge:**

      Petitioner brings this petition for a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651, challenging an order of restitution imposed by the Court on October 14, 2005. The Petitioner claims he is entitled to coram nobis relief because restitution was imposed in violation of the procedures set forth in the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663(a); specifically, failure to identify victims and their respective actual amounts of loss.

      In opposition, the Government states:

> . . . [A]ffidavits of loss were mailed to victims identified by the government and copies submitted to the Probation Department.

1

> Though that procedure was not done until after the petitioners sentence the information came years before any restitution was due. . . . [B]ecause at most only harmless error has occurred due to the government not identifying the victims within the MVRA's time frame, Carnesi cannot meet the burden of demonstrating fundamental error to warrant coram nobis relief.

(Gov.'s Opp. at 4 (Aug. 26, 2011)).

Having reviewed said petition in accordance with both 28 U.S.C. § 1651, the All Writs Act, and the procedures set forth in 18 U.S.C. § 3663, the Mandatory Victims Restitution Act, the Court determines that further information is required before it can address the merits of the petition. As a result, it is hereby**,**

**ORDERED**, that the Government shall submit to the Court under seal on or before July 30, 2012 a copy of the correspondence and any accompanying documents that the Government provided to the Probation Department identifying the victims and their respective amounts of loss in compliance with the MVRA.

**SO ORDERED.**
Dated: Central Islip, New York
July 24, 2012

                                                                            /s/ Arthur D. Spatt
                                                                            ARTHUR D. SPATT
                                                                 United States District Judge